JUDGE KAPLAN

07 CV 1254

62-07/DPM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HANDYTANKERS K/S
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)


RECEIVED
FEB 20 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
HANDYTANKERS K/S,

       Plaintiff,

  -against-


TRANS MEDITERRANEE S.A.,

       Defendant.
---------------------------------------------------------------x

07 CIV.  (  )

**VERIFIED COMPLAINT**

  Plaintiff HANDYTANKERS K/S (hereinafter "HANDYTANKERS"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant TRANS MEDITERRANEE S.A. (hereinafter "TRANSMED"), alleges upon information and belief as follows:

  1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

  2.  At all times relevant hereto, HANDYTANKERS was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and

place of business at c/o Maersk Tankers Copenhagen A.P. Moller, 50 Esplanaden, DK-1098 K

Copenhagen, Denmark .

 3. At all times relevant hereto, TRANSMED was and still is a foreign business

entity organized and existing under the laws of a foreign country with an with an office and place

of business at Rezig Centre 2033 Bloc B B2, Magrine, Tunisia.

 4. On or about June 14, 2006, HANDYTANKERS, as owner of the vessel M/T

BRIGIT MAERSK, entered into a maritime contract on an amended ASBATANKVOY voyage

charter party form with TRANSMED, as charterer, for the use and operation of that vessel.

 5. The charter party contract between HANDYTANKERS and TRANSMED

contemplated the carriage of a cargo of gas oil from 1 safe port in Italy to 2 safe ports in Tunisia.

 6. HANDYTANKERS duly tendered the vessel under the charter party agreement

and the vessel commenced performance under the command and operation of TRANSMED.

 7. HANDYTANKERS has met all of its obligations to TRANSMED pursuant to

their charter party agreement.

 8. TRANSMED, in breach of the parties' maritime contract, has failed to pay to

HANDYTANKERS demurrage incurred in the performance of the subject voyage, which

demurrage claim totals the amount of $158,013.16.

 9. HANDYTANKERS has made due demand for payment to TRANSMED in the

sum of $158,013.16. TRANSMED, however, in breach of the charter party contract with

HANDYTANKERS, has refused or has otherwise failed to pay.

 10. Pursuant to the terms of the charter party contract between HANDYTANKERS

and TRANSMED, all disputes are subject to London arbitration, with English law to apply.

HANDYTANKERS has commenced arbitration proceedings in London against TRANSMED

and HANDYTANKERS specifically reserves its right to arbitrate the merits of its dispute with TRANSMED pursuant to the terms of the charter party contract.

11.     This action is brought in order to obtain security in favor of HANDYTANKERS in respect to its claim against TRANSMED, including but not limited to interest plus HANDYTANKERS' anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law.

12.     After investigation, Defendant TRANSMED cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein

13.     As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by HANDYTANKERS against TRANSMED includes:

(a) HANDYTANKERS' claim for demurrage incurred in the performance of the subject voyage in the amount of $158,013.16;

(b) Interest in the amount of $30,910.25, calculated on the above sum at the rate of 6% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(c) Legal fees, arbitrator fees and costs that will be incurred by HANDYTANKERS in respect to the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $85,000.00

14.     Based upon the foregoing, the total amount HANDYTANKERS seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$273,923.41.**

W H E R E F O R E, Plaintiff HANDYTANKERS prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant TRANSMED, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $158,013.16, plus interest, costs and attorneys' fees;

b.  That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$273,923.41,** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
February 20, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HANDYTANKERS K/S

By: _____
Don P. Murnane, Jr.  (DM 3639)
Manuel A. Molina (MM 1017)
80 Pine Street
New York, NY  10005

## ATTORNEY VERIFICATION

State of New York   )
                ) ss.:
County of New York  )

      Don P. Murnane, Jr., being duly sworn, deposes and says:

     1.    I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action.  I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

     2.    The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

     3.    The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

                                Don P. Murnane, Jr.

Sworn to before me this
20th day of February, 2007

NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009